IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TIMOTHY SIMS                                                                    PLAINTIFF

                            v.                            Civil No. 11-2097

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Timothy Sims, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff filed his application for DIB on May 20, 2008, alleging disability due to degenerative disk disease ("DDD") of the lumbar and lumbosacral spine, degenerative joint disease ("DJD") and bursitis of the right shoulder, cervicalgia, left hip pain associated with left hip osteophyte (bone spur) formation and bilateral subchondral sclerosis of the acetabular (cup shaped socket of the hip joint), migraine headaches, depression, and post-traumatic stress disorder ("PTSD") since July 10, 2004. Tr. 71, 111-115, 128, 140-141, 172-176, 185. His applications were denied initially and on reconsideration. Tr. 95-96.

An administrative hearing was held on July 2, 2009. Tr. 27-65. Plaintiff was present and represented by counsel. At that time, Plaintiff was 44 years of age and possessed a high school education and a bachelor's degree in business administration. Tr. 33. He had past relevant work ("PRW") experience as a telecommunications facility controller, distributor, tire changer, and oil change technician. Tr. 80, 129-130, 150-157, 189, 191.

On December 17, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's DDD of the lumbar and lumbosacral spine, DJD and bursitis of the right shoulder, depression, and PTSD did not meet or equal any Appendix 1 listing.  Tr. 73-75.  He found that plaintiff maintained the residual functional capacity ("RFC") to perform

> a limited range of sedentary work as defined in 20 CFR 404.1567(a) in that the claimant is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently; is able [to] sit for about 6 hours during an 8-hour workday and stand and walk for at least 2 hours during a regular workday; is able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but cannot climb ladders, ropes, or scaffolds; cannot reach overhead; and must avoid concentrated exposures to hazards, such a[s] unprotected heights and heavy machinery.  Furthermore, the claimant is able to understand, remember, and carry out simple, routine, and repetitive tasks and respond appropriately to supervisors, coworkers, and usual work situations, but he cannot have contact with the general public.

Tr. 75-80.  With the assistance of a vocational expert, the ALJ then found that plaintiff could still perform work as a small products assembler, small production machine operator, and small production inspector.  Tr. 80-81.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 7, 2011.  Tr. 1-4.  Subsequently, plaintiff filed this action.  Doc. # 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  Doc. # 7, 8.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to

2

support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

A.   **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her

3

residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C

.F.R. § § 404.1520, 416.920 (2003).

**III.**   **Discussion**:

As previously noted, Plaintiff complained of a variety of impairments, including DDD of the

lumbar and lumbosacral spine, DJD and bursitis of the right shoulder, cervicalgia, left hip pain associated

with left hip osteophyte (bone spur) formation and bilateral subchondral sclerosis of the acetabular (cup

shaped socket of the hip joint), migraine headaches, depression, and PTSD.  At step two of the evaluation

process, the ALJ concluded that Plaintiff's DDD, DJD and bursitis of the right shoulder, depression, and

PTSD were severe impairments.  However, he determined that his hip pain, neck pain, and migraine

headaches did not constitute severe impairments.

Step two of the evaluation states that a claimant is not disabled if his impairments are not

"severe."  *Simmons,* 264 F.3d at 754; 20 C.F.R. § 416.920(a)(4).  An impairment is not severe if it

amounts only to a slight abnormality that would not significantly limit the Plaintiff's physical or mental

ability to do basic work activities.  *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d

119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a).  If the

impairment would have no more than a minimal effect on the claimant's ability to work, then it does not

satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007); *see also Kirby*

*v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

Here, the ALJ concluded that Plaintiff's hip pain was non-severe, stating that Plaintiff did not

testify regarding his hip pain at the hearing, the record contained no diagnostic tests involving his hips,

and no diagnoses regarding his hips were made during the relevant time period.  However, the record

does not support the ALJ's reasoning.

4

Plaintiff alleged an onset date of July 20, 2004, and the ALJ determined his date last insured to be March 31, 2008.[1] In June 2005, an x-ray of Plaintiff's pelvis revealed an osteophyte in the left hip with mild subchondral sclerosis (increased bone density or thickening of the subchondral layer indicative of an osteoarthritic joint) of both acetabula. Tr. 209. A review of treatment records reveal that Plaintiff complained of hip pain on numerous occasions throughout the relevant time period. In December 2005, he was prescribed Ibuprofen and Flexeril for his hip pain. Tr. 592-599. Moderate stiffness was noted in his hips in January 2006. Tr. 372-373, 583-591. Further, in December 2006 and January 2007, Plaintiff complained of continued bilateral hip pain. Tr. 356-357, 370, 427-429, 557-568, 788. And in April 2008, within 17 days of his date last insured, he was diagnosed with degenerative disease of his spine and hip. Tr. 324-328, 467-472, 762-766. *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 1990) (holding that medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision).

At the administrative hearing, Plaintiff was also questioned regarding his pain. Tr. 41-42. He stated that he suffered from bilateral hip pain that was often times difficult to decipher from his lower back pain. However, Plaintiff indicated that he experienced pain in the top and side of his legs that he associated with his hips. He reported that this pain made it difficult for him to sit, stand, and walk for any length or time. Tr. 41. The ALJ even noted that Plaintiff was using a cane to assist him with mobilization, and the record reveals that this cane was prescribed by Plaintiff's doctor. Tr. 34, 148.

As the record reveals that Plaintiff did testify regarding his hip pain, diagnostic testing in 2005 reveals evidence of osteoarthritis, and Plaintiff was diagnosed with degenerative hip disease within one

---

[1]In order to qualify for DIB, a claimant must show that he or she became disabled during the period in which he or she met the DIB requirements. *Simmons v. Massanari*, 264 F.3d 751, 755 (8th Cir. 2001). A claimant who becomes disabled after the expiration of her insured status is not entitled to DIB. *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998).

AO72A
(Rev. 8/82)

month of his date last insured, we believe remand is necessary to allow the ALJ for further consider Plaintiff's hip pain and diagnoses, as well as any limitations that may arise from this impairment.

On remand, the ALJ should pay special attention to any limitations that Plaintiff's hip impairment place on his ability to stoop, bend, crouch, and crawl.  It is also recommended that he reconsider the severity of Plaintiff's neck pain and migraine headaches, in light of evidence indicating that he was prescribed Hydrocodone to treat his cervicalgia and was receiving military disability and rated with a 30% disability due to his headaches.  Tr. 328-332, 473-480, 512-520, 552-553, 555-556, 560-568, 738, 741-743, 745, 766-770. *Pelkey v. Barnhart*, 433 F. 3d 575, 579.  (8th Cir. 2006) (although not bound by them, the ALJ should consider the disability ratings of another agency).

IV.     **Conclusion:**

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 25th day of July 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

6